UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MCDERMOTT, | ) | |
| | ) | CASE NO. 3:07CV901 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| PHILIP KERNS, Warden, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 28, 2007, following his conviction and sentence, Petitioner Shawn McDermott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge Limbert for a Report and Recommendation. On October 3, 2007, Respondent Warden Philip Kerns filed a Motion to Dismiss the petition as untimely under 28 U.S.C. § 2244(d). On March 3, 2008, Petitioner responded in opposition to the motion. Magistrate Judge Limbert issued his Report on April 16, 2008. In his Report, the Magistrate Judge recommended that this Court grant Respondent's motion to dismiss. On June 4, 2008, Petitioner filed his Objection to the Magistrate Judge's Report.[1] This Court, after having reviewed Petitioner's objections and responses to the Magistrate Judge's Report, hereby adopts the Report and DISMISSES Petitioner's petition.

**I. Facts**

Petitioner is currently serving a 10 year prison sentence imposed by the Lucas County Court of Common Pleas on April 22, 2003, after being convicted for trafficking in drugs under Ohio Revised Code § 2925.03, possession of drugs under Ohio Revised Code § 2925.11, and possession

---

[1] Petitioner was granted an extension of time in which to file his Objection; hence, his Objection was not filed within ten days of the Magistrate Judge's issuance of the Report.

of criminal tools under Ohio Revised Code § 2923.24. Petitioner appealed his conviction on multiple occasions in state court, raising numerous issues.[2] Relevant to the issues presented, Petitioner filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio on June 28, 2005. Doc. 8, Ex.10. This motion was granted on August 10, 2005. Doc. 8, Ex. 11. All of Petitioner's appeals at the state level were denied. On March 28, 2007, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1.

At issue is whether Petitioner's petition for writ of habeas corpus was filed within the statute of limitations applicable to the Antiterrorism and Effective Death Penalty Act (AEDPA), set forth in 28 U.S.C. § 2244(d). Plaintiff first asserts that he met the statutory deadline under § 2244(d)(1)(A). Under this subsection, a one year statute of limitations applies, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Magistrate Judge, after considering the arguments advanced by both sides, found that Petitioner's petition was filed 13 days after the expiration of the statute of limitations. Doc. 17 at 15. He therefore recommended that this Court dismiss the petition. *Id*. at 14-15.

Petitioner further argues, in the alternative, that the doctrine of equitable tolling cures any defect in his petition caused by failure to meet the deadline. Doc. 16 at 10-12. With respect to the second issue, the Magistrate Judge found that Petitioner failed to show that his case meets the requirements for equitable tolling. Doc. 17 at 16. Accordingly, the Magistrate Judge recommended that the petition be denied on this ground as well.

---

[2] The Report contains a full discussion of the procedural history at the state court level, as well as an in depth discussion of the facts on which this case is premised. *See* Doc. 17.

2

## II. Law & Analysis

Under Fed.R. Civ.P. 72(b)(3) and 28 U.S.C. § 636, this Court is required to review de novo the portions of the Magistrate Judge's Report to which a specific objection was made. Accordingly, this Court has conducted a de novo review of Petitioner's objections to the Magistrate Judge's Report.

    A.    Petitioner's First Objection: A Delayed Appeal, if Granted by the Ohio Supreme Court, is "Direct Review" for Purposes of 28 U.S.C. § 2244(d)(1)(A).

The AEDPA provides a one year statute of limitation for an application for a writ of habeas corpus by a person in custody due to a state court judgment. 28 U.S.C. § 2244(d)(1). In this case, the year runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also* Doc. 17 at 9.

The Sixth District Court of Appeals denied Petitioner's appeal of his conviction on April 29, 2005. Doc. 8, Ex. 8. Petitioner then had until June 13, 2005, to file an appeal with the Supreme Court of Ohio. *See* Ohio S. Ct. R. P. Rule II § 2(A)(1)(a). Petitioner's failure to do so meant that his one year statute of limitations began to run on June 14, 2005, and continued to run until he filed both a notice of appeal and a motion for leave to file a delayed appeal on June 28, 2005. Doc. 8, Ex. 9-10. The filing of the notice of appeal served to toll the statute. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Petitioner contends, however, that when the Supreme Court granted his motion for a delayed appeal, it restored him "to the position he was in when he first possessed the right to file a discretionary appeal." Doc. 16 at 3. In essence, Petitioner's position is that the statute of limitations was not merely tolled, but reset to zero, when the Supreme Court granted his motion.

Such a "reset" of the statute of limitations will occur if a delayed appeal is part of the direct review. 28 U.S.C. § 2244(d)(1)(A). On the other hand, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" serves only to toll the statute, but does not reset it. 28 U.S.C. § 2244(d)(2); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

As to whether a delayed appeal is part of direct review, the Sixth Circuit has held that when a court denies a motion for delayed appeal, the statute of limitations does not reset, although it is tolled during the time the motion was pending. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner contends that *Searcy* does not apply to his case because, unlike in *Searcy*, the Supreme Court of Ohio *granted* his motion for delayed appeal. Doc. 16 at 8. The Sixth Circuit, however, has also stated that "a motion for delayed appeal, *even if granted*, does not restart the statute of limitations[.]" *DiCenzi*, 452 F.3d at 468 (emphasis added).

Nevertheless, Petitioner contends that *DiCenzi* is also inapplicable because the *DiCenzi* court relied on *Searcy* for this proposition, and *Searcy* dealt solely with motions that were denied. Doc. 16 at 9. He further points out that the *DiCenzi* court analyzed how a motion for delayed appeal affects the running of the statute under 28 U.S.C. § 2244(d)(1)(D) instead of subsection (d)(1)(A). Doc. 16 at 9. Petitioner also relies on decisions from other Circuit Courts of Appeals that treat delayed appeals as part of the direct review for purposes of 28 U.S.C. § 2244(d)(1)(D). Doc. 16 at 5-8; Doc. 24 at 3-6. Petitioner, however, ignores that this Court is bound by relevant Sixth Circuit precedent. *Timmreck v. U.S.*, 577 F.2d 372, 373 n.6 (6th Cir. 1978) overruled on other grounds by *U.S. v. Timmreck*, 441 U.S. 780 (1979) ("The district courts in this circuit are, of course, bound by pertinent decisions of this Court even if they find what they consider more persuasive authority in

4

other circuits.")

Accordingly, this Court finds that Petitioner's one year statute of limitations was not reset when the Ohio Supreme Court granted his motion for delayed appeal, though the statute was tolled for the period that the motion was pending. Thus, 14 days of the statutory year had expired by the time Petitioner filed his notice of appeal on June 28, 2005. He then had 90 days to seek review from the United States Supreme Court. *See* S.Ct.R. 13(1).

The Supreme Court has recently held that collateral appeals under 28 U.S.C. § 2244(d)(2) do not toll the one year statute of limitations. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007). Respondent contends that delayed appeals are collateral appeals and that Petitioner's one year was not tolled during his 90 days to appeal to the Supreme Court. Doc. 8 at 8. For his petition to be timely, as Petitioner acknowledges, both the 90 day period *and* the time from June 14-28, 2005 would have to be excluded. Doc. 16 at 8. If such were the case, his appeal would have become final on March 29, 2006. His AEDPA statute of limitations would not have begun to run until March 30, 2006, and his petition filed on March 28, 2007, would be timely. However, this Court found above the statute of limitations ran between June 14-28, 2005. Petitioner's AEDPA statute of limitations thus expired on March 15, 2007 and his petition was untimely. There is, therefore, no need to determine whether the statute was tolled during the 90 day period.

This Court finds that Petitioner's first objection to the Magistrate's Report is not well taken.

B.  Petitioner's Second Objection: The Doctrine of Equitable Tolling Cures
    any Defect Caused by Untimeliness in Filing his Petition.

The Sixth Circuit has held that the doctrine of equitable tolling applies to the one year statute of limitations under 28 U.S.C. § 2244(d) in some circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The doctrine applies when the "failure to meet a legally-mandated

5

deadline unavoidably arose from circumstances beyond [a] litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has identified five factors to consider when determining whether equitable tolling is appropriate:

> 1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the [respondent]; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* at 561.

Petitioner's claim for equitable tolling is based solely on two of these factors: that he was diligent in pursuing his rights, and that equitable tolling would present no prejudice to the Respondent. Doc. 16 at 10-12; Doc. 24 at 9-10. Petitioner's evidence for his due diligence, however, focused entirely on his efforts in state court. Doc. 16 at 10-12; Doc. 24 at 9-10. The Sixth Circuit has held that diligence in state proceedings does not excuse unexplained delay in filing a habeas petition. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004). As the Magistrate Judge concluded in his Report, "[Petitioner] offers no explanation for the delay in filing the instant petition. Petitioner has pointed to nothing that would have prevented him, in exercising diligence, from filing the petition two weeks earlier. In other words, Petitioner has not demonstrated an exercise of diligence at the federal level." Doc. 17 at 15-16. The Magistrate Judge properly declined to consider prejudice to Respondent because Petitioner failed to show that the other factors establish cause for his delay. *Vroman*, 346 F.3d at 605. This Court finds the reasoning of the Magistrate judge persuasive and concludes that the doctrine of equitable tolling does not apply to Petitioner's case.

### III. Conclusion

For the reasons set forth herein, this Court ADOPTS the recommendations in the Report of the Magistrate Judge. Petitioner's argument that his petition for write of habeas corpus was timely

is not well taken. His argument that the doctrine of equitable tolling serves to cure any defect caused by untimely filing is also not well taken. Accordingly, the petition is hereby DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.


IT IS SO ORDERED.


| | |
|---|---|
| June 26, 2008 | /s/ John R. Adams |
| Date | Judge John R. Adams |
| | U.S. District Judge |