UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MCDERMOTT, | ) | CASE NO. 3:07CV901 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **ORDER AND DECISION** |
| PHILIP KERNS[1], Warden, | ) ) | |
| Respondent. | ) ) | |

This matter appears before the Court on Petitioner's objections to the Magistrate Judge's Report and Recommendation filed on September 28, 2010. (Doc. 45). For the following reasons, Petitioner's objections are DENIED, and the Court ADOPTS the Magistrate Judge's Report. (Doc. 40).

## I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objections is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

## II. LAW AND ANALYSIS

### A. Petitioner Objects To The Magistrate Judge's Use Of The Standard Of Review Set Forth In 28 U.S.C. §2254(d).

---

[1] Petitioner is currently being housed at the Correctional Reception Center, where Rhonda R. Richard is the warden. See http://www.drc.ohio.gov/OffenderSearch/Search.aspx (search for Shawn McDermott).

The standard of review set forth in 28 U.S.C. §2254(d) applies only if the claim was "adjudicated on the merits in State court proceedings." 28 U.S.C. §2254(d). If a claim has not been adjudicated on the merits in a state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA." *Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir. 2005). Assuming without deciding that the AEDPA standard of review does not apply to Petitioner's ineffective assistance of counsel claim, this Court finds no error in the Magistrate Judge's analysis set forth in the report and recommendation.

The Court finds that while the report and recommendation did set forth the AEDPA standard of review, the analysis of the ineffective assistance of counsel claim applied the de novo *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, Petitioner's objection to the standard of review applied by the Magistrate Judge is overruled. To the extent that Petitioner objects to the Magistrate Judge's application of the *Strickland* standard, this Court overrules the objection.

Under a de novo standard of review to prevail on a claim of ineffective assistance of counsel a party must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient representation caused prejudice. *Strickland*, 466 U.S. 668. In determining whether counsel's representation was reasonable, the court must review all of the surrounding circumstances and afford a high degree of deference to counsel. *Strickland*, 466 U.S. at 688-89.

It is clear that the Magistrate Judge conducted a de novo review. The Magistrate Judge found that appellate counsel's performance was deficient by failing to follow established procedural rules. (Doc. 40, p 17). Counsel's failure to include transcripts of the suppression

2

hearings in the appellate record fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. However, the analysis of the ineffective assistance of counsel claim does not end here. Even if counsel's performance was deficient, the deficient performance must also have been prejudicial.

"With respect to prejudice in the context of ineffective assistance of appellate counsel, a defendant must show a reasonable probability that, but for his counsel's defective performance, he would have prevailed on appeal." *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004). The Magistrate Judge found that Petitioner failed to meet this burden. (Doc. 40, p 17-18). Petitioner made no attempt to show that if the transcripts had been included in the appellate record that the outcome would have been different. The only argument made by Petitioner is that if the transcripts had been included the appeals court would have reviewed the trial court's denial of Petitioner's motion to suppress. The argument does not take the required next step, to show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Magistrate Judge found that "Petitioner has made no showing of the merits of the underlying suppression issue that was reasonable likely to succeed on appeal." (Doc. 40, p 20). This Court agrees with the Magistrate Judge's conclusions. Because the Magistrate Judge properly applied the de novo standard of review, Petitioner's objection is overruled.

### B. Petitioner Objects To The Magistrate Judge's Conclusion That There Was Sufficient Evidence To Support The Conviction.

Petitioner's sufficiency of the evidence claim has been adjudicated on the merits in a State court proceeding and therefore the AEDPA standard of review applies. Under the AEDPA, a writ of habeas corpus is appropriate only if the proceeding:

3

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). In reviewing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Circumstantial evidence may be sufficient to support a conviction. *U.S. v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

Petitioner first argues that the evidence was insufficient because "no direct evidence was presented," and that Petitioner "was prejudiced by the cumulative effect of the State's evidence." (Doc 45, p 3). In reviewing the record in a light most favorable to the prosecution, sufficient circumstantial evidence existed for a rational juror to have found that Petitioner had access to cocaine and was involved in drug trafficking.

The police found Petitioner asleep in a small living room (approx 12 ft x 12 ft). In the area immediately surrounding Petitioner the police seized: a shoe box with $9,510 in cash, a bag full of hundreds of rubber bands, green cellophane plastic, a "ball of aluminum foil that contained a chunk of powder cocaine," and a "ledger contain[ing] the adding and subtracting of large sums." (Doc. 8, p 5-6). This circumstantial evidence was sufficient to allow a rational juror to conclude that Petitioner was guilty of possession and drug trafficking.

Petitioner also argues that the complicity conviction could only be supported by "improperly stacking inferences upon one another." (Doc 45, p 3). However, the record contained sufficient circumstantial evidence to have allowed a rational juror to conclude that Petitioner was complicit in trafficking of drugs.

Detective Greenwood's testimony describing Petitioner's behavior while taking two garbage bags directly to the garbage truck was circumstantial evidence of complicity. (Doc. 35, Trial Transcript, p 324-27). The police found a hardware receipt in Petitioner's car; the receipt detailed a purchase of a gallon of acetone and other tools that could have been used with the rerock machine. (Doc. 35, Trial Transcript, p 313). This was also evidence of complicity.

Lastly, Petitioner argues that the appellate court and the Magistrate Judge "unreasonably applied the due process principles found in *Jackson v. Virginia*." (Doc 45, p 4). This Court disagrees. Because of the foregoing analysis, this Court finds that a rational juror could have found the evidence sufficient to prove the essential elements of the crime beyond a reasonable doubt, and therefore, the Magistrate Judge did not unreasonably apply the principles set forth in *Jackson*. Petitioner's objection is therefore overruled.

### III.  CONCLUSION

For the reasons set forth herein, the Court finds no merit to the objections raised by Petitioner. Therefore, Petitioner's objections are OVERRULED. The Court ADOPTS the Report and Recommendation of Magistrate Judge Limbert. (Doc. 40). The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: February 10, 2011  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT